## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| Lakisha Brantley & Michael Brantley,  :  | : Civil Action No.: _____ |
|  : | : |
| Plaintiffs,  : | : |
| v.  : | : |
|  : | : |
| Cross Check, Inc. and  : | : **COMPLAINT** |
| DOES 1-10, inclusive,  : | : **JURY TRIAL DEMANDED** |
|  : | : |
| Defendants.  : | : |
|  : | : |

For this Complaint, the Plaintiffs, Lakisha Brantley and Michael Brantley, by undersigned counsel, state as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiffs, Lakisha Brantley and Michael Brantley ("Plaintiffs"), are adult individuals residing in Dublin, Georgia, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Cross Check, Inc. ("Cross Check"), is a California business entity with an address of 6119 State Farm Drive, Rohnert Park, California 94928, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Cross Check and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Cross Check at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

### A. The Debt

8.      The Plaintiffs allegedly incurred a financial obligation (the "Debt") to Terry Cullen Chevrolet (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Cross Check for collection, or Cross Check was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Cross Check Engages in Harassment and Abusive Tactics

12.      Within the past year, Cross Check contacted Plaintiffs in an attempt to collect the Debt.

13.      On or about January 11, 2012, Cross Check called Plaintiffs at home and demanded that they immediately pay the Debt via Western Union or credit card.  Mrs. Brantley

2

informed Cross Check that they could not afford to immediately pay the Debt and offered to set up a payment plan with the first payment due the following week.

14.    Cross Check rejected Plaintiffs' offer to make regular payments and informed Mrs. Brantley that she had forty-eight hours to pay the Debt in full or she would be arrested.

15.    Later the same day, Cross Check called Mrs. Brantley on her cellular telephone line and demanded that she immediately pay the Debt. Mrs. Brantley once again explained that Plaintiffs could not afford to immediately pay the Debt in full and offered to pay the Debt in full by the end of the month. Cross Check rejected this offer.

16.    That evening, Cross Check contacted Mr. Brantley on his cellular telephone line and demanded that he immediately pay the Debt. Mr. Brantley informed Cross Check that Plaintiffs could not afford to immediately pay the Debt and repeated the offer to pay the Debt in full by the end of the month. Cross Check again rejected this offer, and threatened Mr. Brantley with imprisonment if he did not immediately pay the Debt.

17.    On or about January 12, 2012, Cross Check left a voice message on the residential telephone of Mrs. Brantley's mother, requesting that she call Cross Check.

18.    On or about January 12, 2012, Cross Check left a voice message on the residential telephone of Mrs. Brantley's sister, requesting that she call Cross Check.

19.    Plaintiffs were embarrassed and humiliated from the disclosure to their family.

20.    During its conversations with Plaintiffs, Cross Check used an abusive and hostile tone, including interrupting and speaking over Plaintiffs and calling them "the bad guy in this situation," causing Plaintiffs a great deal of distress, fear and anxiety.

21.    The conversations left Plaintiffs worried and fearful about incarceration.

C. **Plaintiffs Suffered Actual Damages**

22.    The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

24.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

26.    The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiffs' debt and stated that the Plaintiffs owed a debt.

27.    The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

28.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29.    The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with imprisonment if the Debt was not paid.

30.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

4

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

33.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Plaintiffs are "consumers" as the term is defined by O.C.G.A. § 10-1-392(6).

35.     The Plaintiffs incurred a Debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

36.     The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

37.     The Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

38.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## COUNT III
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

39.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiffs under the Common Law of the State of Georgia.

5

41.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

42.     The Plaintiffs has suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

6

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 17, 2012

Respectfully submitted,

By: /s/ Cara Hergenroether, Esq.
Attorney Bar No.: 570753
Attorney for Plaintiffs
Lakisha Brantley & Michael Brantley
LEMBERG & ASSOCIATES L.L.C.
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Email: chergenroether@lemberglaw.com

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424