# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| LAKISHA BRANTLEY & MICHAEL BRANTLEY, ) ) ) | |
| Plaintiffs, ) | Civil Action File No. |
| vs. ) | 3:12-cv-00013-DHB-WLB |
| ) | |
| CROSSCHECK, INC. and ) DOES 1-10, inclusive, ) ) | |
| Defendants. ) _____) | |

## CROSSCHECK, INC.'S ANSWER

COMES NOW, CrossCheck, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiffs have not been damaged; therefore, Plaintiffs may not recover against Defendant.

### FOURTH DEFENSE

This Court lacks personal jurisdiction over the Defendant.

### FIFTH DEFENSE

This Court is the improper venue for this matter.

### SIXTH DEFENSE

Plaintiffs' claims are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### SEVENTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. Defendant denies venue is proper.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5. Defendant admits it is a California business entity and is a debt collector as the term is defined by 15 U.S.C. §1692a(6).  Defendant denies the remaining allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8. Defendant admits the Plaintiffs incurred a financial obligation.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

10. Defendant admits the Plaintiffs' unpaid account was assigned to Defendant.

11. Defendant admits it attempted to collect on Plaintiffs' debt. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12. Defendant admits attempting to contact the Plaintiffs within the past year to attempt to collect on Plaintiffs' unpaid account.

13. Defendant admits attempting to contact Plaintiffs on January 11, 2012 regarding an unpaid account.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

16. Defendant denies it ever threatened imprisonment in speaking with Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. Defendant admits placing a telephone call to a third party.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Plaintiffs' Complaint.

18. Defendant admits placing a telephone call to a third party.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

22. Defendant denies its conduct was unlawful. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24. Defendant incorporates by reference the above paragraphs of this answer as if fully stated therein.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33. Defendant incorporates by reference the above paragraphs of this answer as if fully stated therein.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiffs' Complaint.

39. Defendant incorporates by reference the above paragraphs of this answer as if fully stated therein.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43. Defendant denies all remaining allegations contained in Plaintiffs' Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiffs be denied; that all costs be taxed to Plaintiffs; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of March, 2012.

                                        **BEDARD LAW GROUP, P.C.**

                                        /s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust

               Georgia Bar No. 448584

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| LAKISHA BRANTLEY & MICHAEL BRANTLEY, )<br>)<br>Plaintiffs,           )<br>vs.                                 )<br>)<br>CROSS CHECK, INC. and      )<br>DOES 1-10, inclusive,           )<br>)<br>Defendants.          )<br>_____) | Civil Action File No.<br>3:12-cv-00013-DHB-WLB |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant CrossCheck, Inc.'s Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Cara Hergenroether
chergenroether@lemberglaw.com

Respectfully submitted this 30th day of March, 2012.

                                          **BEDARD LAW GROUP, P.C.**

                                          /s/ John H. Bedard, Jr.
                                          John H. Bedard, Jr.
                                          Georgia Bar No. 043473
                                          Jonathan K. Aust
                                          Georgia Bar No. 448584